## Case No. 5,575.

### GOODYEAR v. MALLEC.

[See Case No. 5,579.]

---

## Case No. 5,576.

### GOODYEAR v. MATHEWS.

[1 Paine, 300;[1] 1 Robb. Pat. Cas. 50.]

Circuit Court, D. Connecticut. April Term, 1814.

PATENTS—LAW OF 1793—PRIOR USE—IMPROVEMENTS.

1. A patent, under the law of 1793 [1 Stat. 318], is valid, although the invention may have been in use for years anterior to the patent, if the patentee was the original inventor.

[Cited in Treadwell v. Bladen, Case No. 14,154; Whitney v. Emmett, Id. 17,585; Shaw v. Cooper, 7 Pet. (32 U. S.) 317.]

2. A patent for an entire machine is valid, although the invention consists only of an improvement on such machine; but the patentee is entitled to an exclusive use of no more than his improvement.

[Cited in Treadwell v. Bladen, Case No. 14,154.]

[Cited in Rheem v. Holliday, 16 Pa. St. 350.]

This was an action on the case [by Amasa Goodyear against Ancon Mathews] for the breach of a patent right. The patentee, G. W. Robinson, was the inventor of a mode of casting hard metal buttons, with wire eyes, in metal moulds, and the plaintiff was the assignee of the patent. It appeared on

---

[1] [Reported by Elijah Paine, Jr., Esq.]

the trial, that several years before the date of the patent, the patentee had taken out another patent for the same thing, but had described his invention so imperfectly that the patent was void. The present patent was taken out [May 14, 1812], nothing having been done to affect the old one. For several years, during the first patent, the public had disregarded it, and used the invention without restraint.

N. Smith and S. P. Staples, for plaintiff.

S. H. Woodruff and T. S. Williams, for defendant, contended that the invention having been used publicly and freely for several years before the date of the patent declared on, the patentee could not resume the exclusive use of his invention as he had attempted. And also, that the patent was too broad, and covered more than the invention.

LIVINGSTON, Circuit Justice (charging jury). The first question of law which occurs in this cause is, whether the defendant be liable for using the plaintiff's improvement, provided it shall appear that the invention was known or used previous to the application for the patent, if the plaintiff can show that he was actually the inventor anterior to such knowledge or use by others. This is a question of some difficulty, and one which will never be considered as satisfactorily settled, until it be decided by the supreme court of the United States. But the circuit courts for the districts of Pennsylvania and of New-York having decided the same question, this court prefers, in the present case, to adhere to those decisions. The opinion of the court then is, that if you are satisfied that moulds of the construction described in the patent, were known and in use at the time of obtaining the patent, yet if at the same time you believe that the patentee was the inventor of these moulds, although such invention may have been years previous to his application for a patent, he or his assignees are entitled to recover. If a patent be taken out for an entire machine, when the invention consists only of an improvement on such machine, it is said by the defendant's counsel that the whole patent is void. This, gentlemen, is not the opinion of the court;[2] for although a patent be obtained for more than the improvement, the patentee is not entitled to more than his improvement, nor is he at liberty to make, use, or vend the original discovery, or to prosecute any person who shall use such original discovery without engrafting on it the improvement invented by the patentee, especially in a case like the present, where the application was for a patent for the invention of a new and useful improvement in moulds for casting metal buttons.

---

[2] See Whittemore v. Cutter [Case No. 17,-601]; Lowell v. Lewis [Id. 8,568]; Evans v. Eaton [Id. 4,559], contra.